--UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADUM JWAD,

      Plaintiff,

v.

MOBIS NORTH AMERICA, LLC,

      Defendant.
_____/

Case No. 2:24-cv-10408

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before this Court on Plaintiff Nadum Jwad's motion for default judgment against Defendant Mobis North America. For the reasons stated below, the motion is DENIED.

**I. BACKGROUND**

According to Plaintiff's complaint, he was employed as Defendant's health and safety specialist from 2021 to March 3, 2023, when Defendant terminated Plaintiff's employment due to a purported "restructuring." ECF No. 1 at PageID.4. As part of his separation, Plaintiff signed a "Separation and Release of Claims Agreement" that contained a full release of any civil claims that he might have had against Defendant (including potential employment-discrimination claims) in exchange for severance pay of four weeks of his salary. *Id.* However, Plaintiff later

learned that there was no "restructuring"; Defendant was terminating his employment because it perceived that he was "getting hold and was not up to the task of the job anymore." *Id.* Plaintiff then filed a charge with and received a right to sue letter from the Equal Employment Opportunity Commission. *Id.* at PageID.5.

Plaintiff sued Defendant for employment discrimination under federal and state laws based on national origin, color, disability, and age, as well as fraudulent misrepresentation and inducement to get him to sign the Agreement. *Id.* at PageID.6–14. Plaintiff's attorney served the summons and complaint on Defendant's resident agent, Tong Sun (Skye) Suh, in Farmington Hills, Michigan, on April 2, 2024, via certified mail. ECF Nos. 5; 7 at PageID.30. With no response from Defendant, Plaintiff moved for a clerk's entry of default, ECF No. 8, which was entered on May 15, 2024, ECF No. 9.

Plaintiff now seeks default judgment under Civil Rule 55(b)(2). ECF No. 11.

## II. DEFAULT JUDGMENT

A default judgment must be entered if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, as evidenced by an affidavit. FED. R. CIV. P. 55(b). Here, Plaintiff submitted such an affidavit. *See* ECF No. 11-1; *see also* 28 U.S.C. § 1746(2).

To grant a default judgment, this Court must ensure that (1) it has both subject-matter jurisdiction over the claim and personal jurisdiction over the

defendant, (2) the defendant was properly served, (3) the defendant has failed to appear and to defend, and (4) the plaintiff is entitled to the relief sought. *See Marelli Auto. Lighting v. Indus. BM de Mex.*, No. 2:20-CV-10331, 2021 WL 5121273, at *1–2 (E.D. Mich. Nov. 4, 2021) (citations omitted).

Plaintiff will not be granted a default judgment, because he has not demonstrated that he properly served Defendant. For LLCs, like Defendant, service of process must be either (1) sufficient under the law of the forum state or (2) personally served on an authorized agent, as well as mailed in certain circumstances. *See* FED. R. CIV. P. 4(h)(1). Michigan law requires in relevant part either (1) personal service on a registered agent or (2) personal service on "a member or other person in charge" and "registered mail, addressed to the registered office of the limited liability company." Mich. Ct. R. 2.105(H)(1)–(2). Here, nothing in the record indicates that Plaintiff personally served the complaint or summons on Defendant—it appears to have only been mailed—so Plaintiff's service of process is insufficient under the laws of Michigan and the United States. *See* ECF Nos. 5; 7 at Page ID 30; *Cincinnati Ins. v. Omega Elec. & Sign Co.,* 652 F. Supp. 3d 879, 883 (E.D. Mich. 2023) ("Mailing must be accompanied by personal service of the agent . . . . Thus, as a matter of law, plaintiff insufficiently served defendant by sending process through certified mail." (citations omitted)). So default judgment is premature.

In addition, though a Clerk's Entry of Default was entered on May 15, 2024, ECF No. 9, it must now be set aside given Plaintiff's lack of proper service. *See O.J. Distrib. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default.").

However, this Court will grant Plaintiff leave and additional time to serve Defendant properly. Plaintiff had until May 19, 2024, to perfect service of process. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); ECF No. 1 (filed on February 19, 2023); *see also* E.D. Mich. LR 41.2. Since Plaintiff has not done so to date, he will be directed to serve process on Defendant on or before July 19, 2024. If Plaintiff fails to do so, then the case will be dismissed under Civil Rules 4(m) and 41(b).[1]

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 10, is **DENIED**.

Further, it is **ORDERED** that the Clerk's Entry of Default, ECF No. 9, is **SET ASIDE**.

---

[1] "To avoid dismissal, Plaintiff must [demonstrate] good cause for failing to serve process . . . ." *Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465, 467 (E.D. Mich. 2023) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to serve a complaint and summons upon Defendant **on or before July 19, 2024**, in full compliance with Civil Rule 4 and Michigan Court Rule 2.105(H).  After Plaintiff has perfected service of the complaint and summons upon Defendant, Plaintiff must prove it by filing a completed copy of the Return of Service here. If Plaintiff fails any of these obligations, the above-captioned case will be dismissed without prejudice under Civil Rules 4(m) and 41(b).

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  6/26/2024