UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADUM JWAD,

    Plaintiff,

v.

MOBIS NORTH AMERICA, LLC,

    Defendant.
_____/

Case No. 2:24-cv-10408

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER *SUA SPONTE* DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE**

Plaintiffs must navigate the labyrinth of litigation with diligence. Here, the plaintiff's vessel foundered on the rocks of procedural compliance. Employed by the defendant until an alleged age-fueled restructuring led to his termination, the plaintiff sought redress through the courts, claiming discrimination and fraudulent inducement.

However, despite clear directives from this Court to perfect service of process, the plaintiff's attempts were adrift—culminating in this case being summarily dismissed for failure to prosecute—as explained below.

### I. BACKGROUND

Plaintiff alleges he was employed as Defendant's health and safety specialist from 2021 to March 3, 2023, when his employment was terminated due to

"restructuring." ECF No. 1 at PageID.4. As part of his separation, Plaintiff signed a "Separation and Release of Claims Agreement" that contained a full release of any civil claims that he might have had against Defendant (including potential employment-discrimination claims) in exchange for severance pay of four weeks of his salary. *Id.* However, Plaintiff later learned that there was no "restructuring"; Defendant terminated his employment because he was "getting old and was not up to the task of the job anymore." *Id.* Plaintiff then received a right-to-sue letter from the Equal Employment Opportunity Commission. *Id.* at PageID.5.

Plaintiff is suing Defendant for employment discrimination under federal and state laws for discriminating against his national origin, color, disability, and age, as well as for fraudulent misrepresentation and inducement to get him to sign the Agreement. *Id.* at PageID.6–14. Plaintiff's attorney served the summons and complaint on Defendant's resident agent, Tong Sun (Skye) Suh, in Farmington Hills, Michigan, on April 2, 2024, via certified mail. ECF Nos. 5; 7 at PageID.30. With no response from Defendant, Plaintiff moved for a clerk's entry of default, ECF No. 8, which was entered on May 15, 2024, ECF No. 9. Plaintiff requested a default judgment, ECF No. 11, but it was denied and the default was set aside because Plaintiff did not properly serve Defendant, ECF No. 12 (explaining that Plaintiff was missing the requisite personal service).

Plaintiff was directed to perfect service but did not do so—or even respond.

## II. *SUA SPONTE* DISMISSAL

### A. Standard of Review

After making certain findings under Civil Rule 41(b), "[t]his Court may dismiss a complaint *sua sponte* for failure to prosecute." *United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962)).

Proper service of process is fundamental for this Court to exercise jurisdiction over Defendants. *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Canaday v. Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021)). Civil Rules 4(m) and 41(b) mandate dismissal if service is not completed within the allotted time, unless good cause is shown for the failure. *See Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465, 467 (E.D. Mich. 2023) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

### B. Analysis

Plaintiff's repeated failure to comply with this Court's directives requires dismissal. Despite clear instructions, Plaintiff has not perfected service of process. Because Plaintiff failed to complete personal service required by law, he was given until July 19, 2024, to perfect service of process, and warned that the failure to do so would result in dismissal under Civil Rules 4(m) and 41(b). ECF No. 12 at

PageID.42–42 (citations omitted). So the requisite factors will be considered. *See Wallace*, 592 F. Supp. 3d at 614.

### 1. Willfulness, Bad Faith, or Fault

The record demonstrates that Plaintiff's failure to perfect service of process was not due to inadvertence or excusable neglect. Despite clear instructions from this Court, Plaintiff did not take the necessary steps to ensure proper service on Defendant. Plaintiff's inaction, despite being represented by counsel and aware of the requirements and the consequences of noncompliance, demonstrates a willful disregard for the procedural rules and court orders. This willful failure to act constitutes sufficient fault under the first factor.

### 2. Prejudice to Defendants

Defendant has been prejudiced by Plaintiff's conduct. The inability of Plaintiff to perfect service of process has delayed the progress of this lawsuit, preventing Defendant from being formally notified of the claims and from preparing a defense. This delay undermines the efficiency of the judicial process and imposes an undue burden on Defendant, who is entitled to a timely resolution of the claims against it.

### 3. Warning of Potential Dismissal

Plaintiff was explicitly warned by this Court that failure to perfect service of process would result in dismissal of this lawsuit. This Court clearly directed Plaintiff to perfect service by July 19, 2024, and stated that failure to comply would lead to

dismissal under Civil Rules 4(m) and 41(b). Despite this clear warning, Plaintiff did not even respond to this Court—much less request an extension of time to comply.

### 4. Consideration of Less Drastic Sanctions

This Court considered less drastic sanctions before proceeding to dismissal. Plaintiff was granted additional time to perfect service of process and was explicitly informed of the requirement to do so by July 19, 2024. This Court's decision to provide additional time demonstrates its willingness to consider alternatives to dismissal. However, Plaintiff's continued noncompliance, despite additional opportunities, leaves this Court with no viable alternative but to dismiss the lawsuit under Civil Rules 4(m) and 41(b).

### 5. Good Cause

Plaintiff has not provided good cause for his failures—he has not responded at all. In sum, Plaintiff has neither perfected service of process nor explained his failure to do so.

### 6. Factors for Extending Time for Service

"Yet, even without good cause, this Court may extend the deadline for service of process after considering . . . seven factors." *Perlick Corp. v. Glastender, Inc.*, 622 F.Supp.3d 557, 559 (E.D. Mich. Aug. 18, 2022) (citing *United States v. Oakland Physicians Med. Ctr.*, 44 F.4th 565, 569 (6th Cir. 2022)).

The seven factors do not warrant an extension here. An extension of time would be well beyond the timely service of process. Plaintiff has already been granted additional time to effectuate service and has failed to do so. Granting further extensions would only exacerbate the delay. An extension of time would prejudice Defendant, not merely due to the inherent prejudice of having to defend the suit, but also because of the additional delay in receiving proper notice and preparing a defense. Nothing in the record demonstrates Defendant has actual notice of the lawsuit. Refusing to extend the time for service does not substantially prejudice Plaintiff, as he and his counsel have already been given ample time and warning to comply with the service requirements. Plaintiff's claims do not appear to be time-barred, and his inaction would be the cause of any such prejudice. Plaintiff has not demonstrated any good-faith efforts to perfect service of process or to correct deficiencies. There is no indication of diligence on Plaintiff's part. Plaintiff is not a *pro se* litigant; he is represented by counsel, which negates any argument for additional latitude. No equitable factors have been presented that would justify an extension of time.

In sum, the circumstances of the case do not support any unique considerations that would warrant further delay. Given these considerations, the factors do not support extending the time for service. Plaintiff has been given

multiple opportunities to comply with the service requirements and has failed to do so without any reasonable explanation or effort.

For failure to prosecute, this case will be dismissed. *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**. *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b).

**This order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 7/22/2024